IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>.<br><br><br><br>Defendant. | Civil Action No. 6:11-cv-1843- CEH-DAB<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ANSWER TO DEFENDANT CISCO SYSTEMS, INC.'S COUNTERCLAIMS

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff") hereby answers the Counterclaims filed by Defendant Cisco Systems, Inc. ("Cisco" or "Defendant"). Unless specifically admitted, Brandywine generally denies all allegations in the Counterclaims. Brandywine expressly denies that Defendant is entitled to any relief whatsoever in connection with its Counterclaims, including, but not limited to, all relief requested in Defendant's Prayer for Relief.

## COUNTERCLAIMS

### THE PARTIES

1. Defendant and Counterclaimant Cisco is a corporation organized and existing under the laws of the State of California and maintains its principal place of business located at 170 W. Tasman Drive, San Jose, California 95134.

**ANSWER**: Admitted.

2. Upon information and belief, Plaintiff and Counterclaim-Defendant Brandywine Communications Technologies, LLC ("Brandywine") is a Delaware limited liability company with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085.

**ANSWER**: Admitted.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

**ANSWER**: Admitted.

4. This Court has personal jurisdiction over Brandywine, which has availed itself of this Court by making in this Court claims of alleged infringement of the '142 Patent.

**ANSWER**: Brandywine admits this Court has personal jurisdiction for this action only.

5. Venue exists under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), however, the Northern District of California would be a more convenient venue.

**ANSWER:** Brandywine admits that venue is proper for this action only. Brandywine denies all other allegations, averments, and conclusions of law in this paragraph.

## FIRST COUNT

### Declaration of Non-Infringement

6. Cisco repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

**ANSWER**: Brandywine repeats and incorporates by reference its responses to the preceding paragraphs of Cisco's Counterclaims as though fully set forth herein.

7. Brandywine has brought a patent infringement action against Cisco.

**ANSWER**: Admitted.

8. Brandywine has alleged that it is the owner by assignment of the '142 Patent.

**ANSWER**: Admitted.

9. Brandywine has alleged and continues to allege that Cisco has directly, by inducement, and/or contributorily infringed the '142 Patent.

**ANSWER**: Admitted.

10. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Brandywine and Cisco concerning whether Cisco has infringed and is infringing any valid and enforceable claim of the '142 Patent.

**ANSWER**: Admitted.

11. Cisco does not infringe any valid and enforceable claim of the '142 Patent.

**ANSWER**: Denied.

12. By virtue of the foregoing, Cisco desires a judicial determination of its rights and duties with respect to any alleged infringement of the '142 Patent.

**ANSWER**: Brandywine denies that Cisco is entitled to any such judicial declaration.

13. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**ANSWER**: Brandywine denies that Cisco is entitled to any such judicial declaration.

## SECOND COUNT

### Declaration of Patent Invalidity

14. Cisco repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

**ANSWER**: Brandywine repeats and incorporates by reference its responses to the preceding paragraphs of Cisco's Counterclaims as though fully set forth herein.

15. Brandywine has brought a patent infringement action against Cisco.

**ANSWER**: Admitted.

16. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Brandywine and Cisco regarding invalidity of the claims of the '142 Patent.

**ANSWER**: Admitted.

17. Upon information and belief, the claims of the '142 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

**ANSWER**: Denied.

18. By virtue of the foregoing, Cisco desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '142 Patent.

**ANSWER**: Brandywine denies that Cisco is entitled to any such judicial declaration.

19. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**ANSWER**: Brandywine denies that Cisco is entitled to any such judicial declaration.

## **PRAYER FOR RELIEF**

Brandywine denies that Cisco is entitled to either the requested relief or any other relief.

WHEREFORE, Brandywine prays for entry of judgment:

1. Dismissing the Counterclaims with prejudice;

2. Declaring this action to be exceptional pursuant to 35 U.S.C. § 285 and awarding Brandywine the cost of this action and its attorney's fees; and

3. Granting Brandywine such other and further relief as this Court may deem just and equitable.

## **JURY DEMAND**

Brandywine demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted February 15, 2012.

>  */s/ Christopher T. Hill*
>  Christopher T. Hill, Esq.
>  Florida Bar No. 0868371
>  Steven R. Main, Esquire
>  Florida Bar No. 0144551
>  Hill, Rugh, Keller & Main, P.L.
>  390 N Orange Avenue, Suite 1610
>  Orlando, FL  32801
>  Tel: 407-926-7460
>  Fax: 407-926-7461
>  chill@hrkmlaw.com
>  steve@hrkmlaw.com
>
>  *Attorneys for Plaintiff Brandywine*
>  *Communications Technologies, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of February, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send a notice of electronic filing to the following: **Warren D. Zaffuto, Esq. & Harvey W. Gurland, Esq.**, Duane Morris LLP, 200 South Blvd., Suite 3400, Miami, FL 33131, (Email: WDZaffuto@duanemorris.com and HWGurland@duanemorris.com), **L. Norwood Jameson, Esq., Matthew C. Gaudet, Esq. & David C. Dotson, Esq.**, Duane Morris LLP, 1180 West Peachtree Street NW, Suite 700, Atlanta, GA 30309 (Email: wjameson@duanemorris.com, mcgaudet@duanemorris.com & dcdotson@duanemorris.com) and **Joseph A. Powers, Esq.**, Duane Morris, LLP, 30 South 17th Street, Philadelphia, PA 19103-4196, (Email: JAPowers@duanemorris.com).

                                                      /s/ *Christopher T. Hill*
                                                      Christopher T. Hill, Esq.